IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEVORIS ANTOINE NEWSON,

                                        Petitioner,

                v.                                      CASE NO. 18-3089-SAC

TONY WOLF,

                                        Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241 by a pretrial detainee held in the Geary County Detention Center. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis.

## Background

Petitioner is in pretrial detention and is the subject of three pending criminal actions[1]. He seeks dismissal of the charges and release.

The petition also alleges the petitioner has been assaulted by correctional officers, held in maximum security, and denied access to his legal documents for approximately three months.

## Discussion

The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

---

[1] The Court takes judicial notice that petitioner is charged in the District Court of Geary County in three criminal actions: 17CR000387, 17CR000527, and 17CR000797. Each matter is set for a status hearing on April 20, 2018.

Section 2241 provides limited jurisdiction that allows a federal district court to consider habeas corpus challenges by a pretrial detainee. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). However, a pretrial detainee ordinarily must exhaust other available remedies before proceeding in federal habeas corpus under § 2241. *See Hall v. Pratt*, 97 Fed. Appx. 246, 247-48 (10th Cir. 2004).

Here, while petitioner commenced a petition for habeas corpus in the state district court, that matter remains pending on its docket.[2] Petitioner therefore has not yet exhausted available state court remedies, and, although he complains of inactivity in that case, this Court has no supervisory or appellate authority to direct the state courts in the management of their dockets. *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)("To the extent that [plaintiff] is seeking relief in the nature of mandamus, ordering Defendants to take action in their capacities as state judges, '[w]e have no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties.'")(quoting *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986)).

Likewise, even if the Court could find that petitioner has properly exhausted available state court remedies, a federal court generally is prohibited from interfering with an ongoing state criminal action. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). *Younger* abstention is appropriate where "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*

---

[2] The habeas corpus petition was assigned Case No. 17-CV-000244 in the District Court of Geary County.

*v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

Here, the state court actions were filed before petitioner brought this action, and the state has an important interest in conducting criminal proceedings for violations of its laws. Finally, it is recognized that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

Finally, petitioner presents claims that are not properly brought in a habeas corpus action. His claims alleging mistreatment by correctional officers, custody in maximum segregation, and access to his legal property are claims challenging the conditions of his confinement, and such claims brought by a state or county prisoner must be presented in a civil rights action under 42 U.S.C. § 1983. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997)(contrasting habeas and civil rights remedies).

### Conclusion

This petition for habeas corpus is dismissed without prejudice to allow petitioner to complete the exhaustion of state court remedies. Petitioner's claims concerning the conditions of his confinement are dismissed without prejudice to their presentation in a civil rights action.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. #2) is granted.

IT IS FURTHER ORDERED this matter is dismissed without prejudice.

**IT IS SO ORDERED**.

DATED:   This 11th day of April, 2018, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge